IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

In Re:                                          Civil No. 11-6050-AA
                                                OPINION AND ORDER

CRAIG ROBERT SCHUHMANN,
SUVENDRINI H. CHRISTOPHER-SCHUHMANN,

    Appellants-Debtors.

---

Michael L. Spencer
Attorney At Law
403 Main Street
Klamath Falls, Oregon 97601
    Attorney for Appellants-Debtors

David B. Mills
Attorney At Law
115 W. 8th Ave, Suite 390
Eugene, Oregon 97401
    Attorney for Appellee-Trustee

AIKEN, Chief Judge:

    Appellants appeal the order of the Bankruptcy Court, dated December 9, 2010, sustaining the Trustee's Objection to the Debtors' claim of exemption for prepaid rent. The Bankruptcy Court's Order disallowing the Debtors' claim of exemption is

Page 1 - OPINION AND ORDER

affirmed.

## BACKGROUND

On May 20, 2010, the Appellants-Debtors ("Debtors") filed a Chapter 7 Bankruptcy. In their Schedule B filed with the Bankruptcy Court, they listed prepaid rent in the amount of $3900.00 and claimed that sum exempt pursuant to ORS 18.395 and 18.402. On July 21, 2010, the Trustee filed an Objection to the claim of exemption. On September 28, 2010, a telephone hearing was held before the Bankruptcy Court where the case was argued. On December 9, 2010, the Bankruptcy Court issued a Memorandum Opinion sustaining the Trustee's objection and disallowing Debtors' claim of exemption.

## STANDARD OF REVIEW

On appeal from the Bankruptcy Court, the U.S. District Court independently reviews the findings of fact for clear error, while the conclusions of law are reviewed de novo. In re Schwarzkopf, 626 F.3d 1032 (9th Cir. 2010).

## DISCUSSION

On May 1, 2009, Debtors executed a "Month To Month Rental Agreement" ("the Agreement") for a dwelling in Klamath Falls, Oregon. Pursuant to the Agreement, the rent was $650 per month. As required by the Agreement, Debtors paid a $350 security deposit plus last month's rent. Under the Agreement, either Debtors or the landlord could terminate the tenancy with 30 days

Page 2 - OPINION AND ORDER

written notice. Rent was due on the first day of each month. The Agreement did not require Debtors to "prepay" any other rent besides the last month's. At some point prior to the Debtors filing a Chapter 7 Bankruptcy, Debtors paid their landlord $3,900 for what they label "prepaid rent" which was refundable upon notice of termination of the tenancy. When Debtors filed their Chapter 7 petition, they listed the $3,900 on Schedule B as "prepaid rent" and claimed this sum exempt on Schedule C under ORS 18.395 and 18.402 (Oregon's homestead exemption).

The issue before the Bankruptcy Court and now before this court is the scope of Oregon's homestead exemption, and whether the holding in Sticka v. Casserino (In re Casserino), 379 F.3d 1069 (9th Cir. 2004), extends to a debtor who "prepays rent" under a month-to-month rental agreement when the agreement itself does not require such payment.[1]

In Casserino, the debtor was required to pay, under a month-to-month rental agreement, $750 as last month's rent and a $500 security deposit ($100 of which was non-refundable). In his subsequent Chapter 7 bankruptcy, he claimed the last month's rent and the refundable portion of the security deposit exempt under Oregon's homestead exemption. In allowing the exemption, the

---

[1] Because Oregon has "opted out" with respect to exemptions applicable in bankruptcy cases in accordance with 11 U.S.C. § 522(b)(2), construction of the statue under which the exemption was claimed is a matter of Oregon law, not of federal law. ORS 18.300.

Page 3 - OPINION AND ORDER

Ninth Circuit Court of Appeals affirmed both the Bankruptcy Court and the Bankruptcy Appellate Panel. Essentially, the Ninth Circuit held that the debtor is an owner of a possessory interest in the leased property which, if provided for in the lease, can be sold, assigned, or sublet (even in bankruptcy). The court then held that "payment of the rent and deposit was a condition precedent to Debtor's right to obtain possession of the property under the lease agreement." Id. at 695-96.

Here, the Debtors prepaid five months rent and argued that this prepaid rent gives them the ability to remain in the property for five months and is part of their homestead. The Bankruptcy Court held that the prepayment of rent did not allow the

> Debtors to take and keep possession of the premises. Put another way, a failure to 'prepay' would not put Debtors in material default exposing them to eviction. Further, the prepaid rent didn't *entitle* the Debtors to have the deposited sums applied to future months' rent as nothing in the Agreement or Oregon law barred the landlord or Debtors from terminating the tenancy (upon 30 days' notice), before the month for which the 'prepaid rent' was earmarked.

Memorandum Opinion, p. 4 (emphasis in original).

The Debtors argue that, by accepting the prepaid rent, the landlord has consented to amending the rental agreement from a month-to-month tenancy to a five month lease, and therefore the landlord waived the right to terminate the agreement on a 30 day notice.

Page 4 - OPINION AND ORDER

I disagree and find that a review of the Oregon landlord-tenant statutes support the Bankruptcy Court's findings. Those statutes provide that mere payment of prepaid rent does not create a waiver by the landlord of the right under the rental agreement to terminate the agreement with 30 days written notice. ORS 90.300(7). Moreover, contrary to the statute of frauds relied upon by Debtors, ORS 90.220 specifically requires that any amendment to a rental agreement must be in writing. There is no such writing here, therefore, the agreement remained a month-to-month rental agreement. Further, ORS 90.414(2) provides that "the acceptance of rent paid for a rent obligation not yet due and paid more than one rental period in advance" does not waive the right of the landlord to terminate on a notice of termination given by the landlord or the tenant and does not reinstate a tenancy. I find no authority under those statutes for the proposition that acceptance of prepaid rent automatically modifies an express month-to-month rental agreement.

Analyzed from another angle, Debtors' argument also does not prevail. Pursuant to the lease, Debtors had the right to possession of the premises on a month-to-month basis, and it is this right to possess the real property, and the incidents of that right (the right to occupy, the right to assign the lease, the right to sublease the premises - all for the term of the lease) that is Debtors' property interest. It is this interest

that is properly the subject of the exemption. I find that the "prepayment" of rent has nothing to do with the rights Debtors had for the term of the lease with respect to the property subject to the lease. In short, it is the Debtors' interest in the leasehold as an item of commerce that is the asset of the estate, and it is the value of that interest - whether or not rent has been prepaid - upon which a claimed exemption operates.

## CONCLUSION

The Bankruptcy Court's findings of fact and conclusions of law that the homestead exemption was not applicable to prepaid rent is affirmed. The Trustee's objection is sustained and the Debtors' claim of exemption disallowed. This case is dismissed and all pending motions are denied as moot.

IT IS SO ORDERED.

Dated this 26th day of July 2011.

                              /s/ Ann Aiken
                              Ann Aiken
                       United States District Judge